UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAYJUAN TREVION-WAYNE FLETCHER, <br><br> Plaintiff, <br> v. <br><br> SUZAN COLEMAN, <br><br> Defendants. | Case No. 2:24-cv-00129-JCC-TLF <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: OCTOBER 23 2024 |

This matter comes before the Court on defendants' motion to dismiss. Dkt. 20. Plaintiff did not file a response to the motion.

This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends that the Court grant the motion, with leave to amend.

BACKGROUND

Plaintiff, who is currently incarcerated at King County Jail, brings this lawsuit under 42 U.S.C. § 1983 alleging an Eighth Amendment violation. Dkt. 5. Plaintiff proceeds *pro se* and *in forma pauperis* in this matter. Plaintiff alleges that "due to lawsuit involving declines thru Columbia Legal Services I was not supposed to be housed in the whole/ special housing for a long time which as in a long time over 48 or 72 hours." *Id*. at 5. Despite this, plaintiff claims that he was housed there for two

REPORT AND RECOMMENDATION - 1

months, during which time he experienced PTSD, ADHD, schizophrenia, and anxiety. *Id*.

## STANDARD OF REVIEW

Dismissal would be proper under Fed. R. Civ. P. 12(b)(6) if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court is not required to accept a "legal conclusion couched as a factual allegation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*,

976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id*.

DISCUSSION

A. Judicial Notice

Defendants have requested the court take judicial notice of court records from *State of Washington v. Tayjuan Fletcher*, KCSC No. 20-1-02954-4 SEA. *See* Dkt. 21-1.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks omitted)). Court orders and filings are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

Thus, the Court grants defendants' request for judicial notice as to Dkt. 21-1, and the Court will consider this document in deciding the pending motion.

B. Personal Participation

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in

a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

  To satisfy the second prong, a plaintiff must allege facts showing how individually-named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone; the complaint must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

  Defendants argue that plaintiff's complaint fails to allege particularized facts as to provide notice for the legal basis of his claim and fails to establish personal participation or a causal connection between defendants and a constitutional deprivation. Dkt. 20 at 7. Here plaintiff names Suzan Coleman, John Hurt, and Tee/Tina McCraw as defendants, however, he does not allege any actions taken by any of these individuals in the body of the complaint. *See* Dkt. 5 at 3-5. Indeed, the complaint does not allege any actions taken by any individuals, but rather simply states that he was placed into the maximum security special housing unit. *Id*. at 4.

If plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

C. Fourteenth Amendment

"Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). Even though conditions of confinement claims brought by pretrial detainees arise under the Due Process Clause, the guarantees of the Eighth Amendment "provide a minimum standard of care for determining rights as a pretrial detainee." *Gordon v. County of Orange,* 888 F.3d 1118, 1122 (9th Cir. 2018).

To state a Fourteenth Amendment claim relating to medical care of a pre-trial detainee, a plaintiff must include factual allegations that a state actor acted, or failed to act, in a manner that shows objective deliberate indifference to their serious medical needs. *Gordon,* 888 F.3d at 1124-25.

> The elements are:"(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Id.,* at 1125. The defendant's conduct must be objectively unreasonable; concerning element (iii), plaintiff is required to show more than negligence, but less than subjective

intent – "something akin to reckless disregard." *Id.* (citations and internal quotations omitted).

Plaintiff must show his medical condition is "objectively a serious one." *Brock v. Wright,* 315 F.3d 158, 162 (2nd Cir. 2003). Seriousness of the condition may be present where there is:

> … The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain…

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992); *see also Brock*, 315 F.3d at 162.

Some Courts have found that holding inmates with serious mental illness in prolonged isolated confinement may cause serious illness and needless suffering in violation of the Eighth Amendment. *Graves v. Arpaio*, 48 F. Supp. 3d 1318, 1335 (D. Ariz. 2014), *amended*, No. CV-77-00479-PHX-NVW, 2014 WL 6983316 (D. Ariz. Dec. 10, 2014), and *judgment terminated sub nom. Graves v. Penzone*, No. CV-77-00479-PHX-NVW, 2019 WL 4535543 (D. Ariz. Sept. 19, 2019) (citing *Coleman v. Brown*, 938 F.Supp.2d 955, 979 (E.D. Cal. 2013) (mentally ill inmates in administrative segregation faced substantial risk of serious harm, including exacerbation of mental illness and potential increase in suicide risk)). "To determine whether segregated confinement meets constitutional standards, courts must consider both the length of the segregated confinement of inmates with serious mental illness and the specific conditions of the confinement." *Id.* (citing *Hutto v. Finney,* 437 U.S. 678, 686 (1978)).

Conditions that have been considered in making this determination include: "(1) the length of time prisoners with mental illness spent in solitary confinement

(approximately 22 hours or more a day); (2) the extent to which solitary confinement interfered with prisoners' ability to obtain adequate mental health treatment; (3) the conditions accompanying the solitary confinement experienced by prisoners with serious mental illness; and (4) the extent to which systemic deficiencies at the facility, *e.g.,* deficiencies in mental health programming, screening, and accountability, contributed to an overreliance on solitary confinement as a means of controlling prisoners with serious mental illness." *Id.* (citing *Coleman,* 2013 WL 6071977 (publication of the United States Department of Justice, Civil Rights Division)).

Defendant asserts that plaintiff's complaint is "blatantly contradicted by the record" so that "no reasonable jury could believe it," because plaintiff was a legal adult over the age of eighteen at all times throughout his arrest, booking, and pretrial detention at King County Correctional Facility. Dkt. 20 at 6 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

Here plaintiff alleges that the two months he spent in maximum security housing impacted his mental health and resulted in him being under suicide watch for a week. Dkt. 5 at 5. He states that he was not supposed to be in special housing for over 48 to 72 hours "due to juvenile decline protocols and due to a lawsuit involving declines thru Columbia legal services." *Id*.

It does appear from the record that plaintiff was over 18 years of age at the time that he was housed in maximum security housing. The "Prosecuting Attorney Case Summary and Request for Bail and/or Conditions of Release" states that plaintiff was 18 years old at the time that he was charged with two counts of Murder in the Second Degree and one count of Unlawful Possession of a Firearm in the Second Degree. Dkt.

21-1. However, even if plaintiff was not a juvenile throughout this period, he still may be able to allege a claim for violations of his Fourteenth Amendment rights due to his placement in maximum security housing. It is not clear from plaintiff's complaint whether the factual allegations concerning conditions of confinement would meet constitutional standards. Therefore, if plaintiff wishes to pursue this claim he must amend his complaint to allege facts to support a plausible claim that his Fourteenth Amendment rights were violated by his placement into maximum security housing. *See, Coleman v. Brown*, 938 F.Supp.2d 955, 979 (E.D. Cal. 2013).

### D. Qualified Immunity

Defendants argue that, alternatively, they are entitled to dismissal of the claim based on qualified immunity. Unless plaintiff makes a two-part showing, qualified immunity shields government officials from liability. The plaintiff must show both: the official(s) violated a federal statutory or constitutional right, and – at the time of the alleged act or failure to act there was clearly established law that defined the contours of the federal right objectively putting the official(s) on notice – i.e., any reasonable official would understand that what they are doing is unlawful. *Escondido v. Emmons,* 586 U.S. 38, 42-43 (2019); *District of Columbia v. Wesby,* 583 U.S. 48, 62-63 (2018).

Under Fed. R. Civ. P. 12(b)(6), the Court must review the complaint and take all well-pleaded factual allegations as true; the Court must construe such allegations in the light that is most favorable to the non-movant; and the Court must evaluate whether those facts plausibly state a claim that the plaintiff is entitled to relief under applicable law. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

On a motion to dismiss, the District Court reviews "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware 'in light of the specific context of the case.'" *Keates v. Koile,* 883 F.3d 1235, 1235 (9th Cir. 2018) (quoting*, Mullenix v. Luna,* 577 U.S. 7, 12 (2015) (per curiam)). Determining whether qualified immunity applies to a defendant in the pre-trial motion stage under Fed. R. Civ. P. 12(b)(6) can be problematic. *Keates v. Koile,* at 1234. "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims. *Id.* at 1235 *(*quoting*, Pelletier v. Fed. Home Loan Bank of San Francisco,* 968 F.2d 865, 872 (9th Cir. 1992)).

Here, as stated above, in the proposed Complaint, plaintiff has not shown that any of the defendants have violated a clearly established law because he has not alleged sufficient facts to allege participation by any of the defendants. Therefore if plaintiff does not amend his complaint to allege sufficient facts regarding defendant's actions, and allege sufficient facts to support a plausible claim that the acts or omissions of each of the defendant constituted a violation of his rights, the Court may submit a report and recommendation to Judge Coughenour recommending dismissal. If the defendants are, on the face the Amended Complaint, entitled to qualified immunity, dismissal with prejudice may be appropriate.

CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's claims against defendants be dismissed without prejudice and with leave to amend.

1    Where a motion to dismiss is granted, a district court should provide leave to
2 amend unless it is clear that the complaint could not be saved by any
3 amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.
4 2003). Even after a complaint has been amended or a responsive pleading has been
5 served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give
6 leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit
7 requires that this policy favoring amendment be applied with "extreme
8 liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.
9 1990). "In determining whether leave to amend is appropriate, the district court
10 considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the
11 opposing party, and/or futility.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
12 708, 712 (9th Cir. 2001) (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880
13 (9th Cir. 1999)).
14    The Court reminds plaintiff that if he files an amended complaint, it must be
15 legibly written or retyped in its entirety and contain the same case number. All claims
16 that he wishes to bring against each defendant must be raised in the Amended
17 Complaint, and the Court will not consider claims raised by a separate memorandum or
18 other filing. Any cause of action alleged in the original complaint that is not alleged in
19 the amended complaint is waived. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th
20 Cir. 1997), overruled in part on other grounds, Lacey v. Maricopa Cnty., 693 F.3d 896
21 (9th Cir. 2012).
22    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall
23 have fourteen (14) days from service of this report to file written objections. See also

Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **October 23, 2024** as noted in the caption.

Dated this 8th day of October, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge